FILED

1   TOMAS E. MARGAIN, Bar No. 193555
    LAW OFFICES OF TOMAS E. MARGAIN
2   1550 Bryant Street, Suite 725
    San Francisco, CA 94103
3   Telephone:    415-861-9600         *E-filing*
    Fax:          415-861-9622
4   margainlaw@hotmail.com

5   Attorneys for Plaintiffs

6               UNITED STATES DISTRICT COURT
                        FOR THE
7              NORTHERN DISTRICT OF CALIFORNIA     **EDL**
                    OAKLAND DIVISION
8

9   MARTIN MARTINEZ; JESUS SOTO; RENE      Case No **08**        **1701**
    CASTRO; GABRIEL PEREZ; FERNANDO
10  CARRASCO; RAFAEL A. LOPEZ MOLINA    **COMPLAINT & DEMAND FOR JURY
                                        TRIAL**
11              Plaintiffs,             Federal FLSA Claim:
                                            1. Failure to pay overtime and
12          vs.                         minimum wage: 29 U.S.C. §§ 207, 216(b),
                                        and 255(a);
13                                      California State Claims:
    HERMAN M. ROMAGUERA; CARMEN             2. Failure to pay overtime and
14  HALL SORUCO; JOSE MURO dba          minimum wages (California Labor Code §§
    CORREA HAULING; VOLCANO             510; 1194(a); 1815);
15  CONSTRUCTION, INC.; CITY OF             3. Breach of Contract
    PITTSBURG REDEVELOPMENT                 4. Failure to Provide Accurate Pay
16  AGENCY; JOHNSTONE MOYER, INC.       Stubs and Records; Submitting False and
                                        Fraudulent Certified Payroll Records
17              Defendants              (California Labor Code §§ 226, 1174, 1776,
                                        IWC Wage Order No. 16 § 6);
18                                          5. Failure to Pay Wages Due at End of
                                        Employment (California Labor Code §§ 201,
19                                      203); and
                                            6. Violation of California Business
20                                      and Professions Code §§ 17200.
                                            7. Enforcement of Stop Notices
21                                          8. PAGA California Private Attorney
                                               General Act
22

23          I.    NATURE OF CLAIM

24      1. This is a action by construction workers who worked as Carpenters and who are

25  bringing claims for unpaid wages, unpaid overtime wages, unpaid prevailing wages, interest,

                                    1

1    penalties, damages and attorneys' fees and costs arising out of the failure to pay all wages for

2    labor discharged including but not limited to overtime and minimum wages as required by the

3    Fair Labor Standards Act and California law.  The Plaintiffs seek compensatory damages for

4    unpaid wages in addition to liquidated damages under 29 U.S.C. § 216(b) for themselves and

5    other opt-in workers in a representative capacity under the FLSA.  Under pendant State Law

6    claims Plaintiffs bring claims for waiting time penalties under California Labor Code § 203, a

7    liquidated damages assessment under California Labor Code § 1194.2, penalties under

8    California Labor Code § 226 (wage stub violations), foreclosure of various Stop Notices, claims

9    under California's Private Attorney General Act, attorney's fees, costs, and pre-judgment

10   interest pursuant to California Labor Code §1194(a) and 29 U.S.C. § 216(b).

11   2.  Defendants include JOINT EMPLOYER DEFENDANTS defined as HERMAN M.

12   ROMAGUERA; CARMEN HALL SORUCO; JOSE MURO dba CORREA HAULING; and

13   VOLCANO CONSTRUCTION, INC.   These individuals or entities hired and employed

14   Plaintiffs, including Opt-In Consenters, and are responsible for some or all of the claims made

15   based on their individual employment relationship with Plaintiffs, including Opt-In Consenters,

16   and the

17   3.  Defendants CITY OF PITTSBURG REDEVELOPMENT AGENCY and JOHNSTONE

18   MOYER, INC. are sued as necessary parties to the Stop Notice claims alleged.  These entities

19   are not named on the Labor Code or FLSA claims alleged.

20   4.  Plaintiffs', including Opt-In Consenters', claims can be summarized as follows:

21   (a)   Shaving or Reducing Work Hours (Overtime /FLSA):  When Plaintiffs, including

22   Opt-In Consenters, worked in Prevailing Wage or Public Works projects, they were not paid for

23   all hours worked at the construction job site.  This was done to reduce the rate of pay so that

24   workers would be paid at the correct prevailing wage rate for the craft of work they discharged

25

2

but for a lesser number of hours. This leads to FLSA overtime exposure as Plaintiffs' actual work week of compensable labor was over 40 hours.

(b)    Failure to Pay Overtime Wages and Overtime Rate (Overtime /FLSA):    When Plaintiffs, including Opt-In Consenters, worked for JOINT EMPLOYER DEFENDANTS they were not paid overtime wages after 40-hours in one week through various schemes which included, but were not limited to: (1) receiving a salary; (2) getting a higher rate of pay for less hours to avoid paying overtime wages; (3) receiving multiple pay checks or pay checks with another worker's name listed; and (3) getting wages without the number of hours listed.

(c)    Preliminary and post-liminary labor claims (Overtime FLSA):    When Plaintiffs, including Opt-In Consenters, were employed by JOINT EMPLOYER DEFENDANTS, at various times they were required to show up to the shop and began to perform compensable labor and were not paid until they showed up to a job site. This included: (1) loading tools, material and equipment; (2) picking up paperwork or having work related meetings; (3) going to various vendors to purchase or pick up tools, material or equipment; and (4) transporting themselves, tools, material or equipment to a job site in a company truck. At the end of the day, Plaintiffs, including Opt-In Consenters, were not paid for their compensable labor to return the work trucks, materials, tools and themselves to the construction shop. This leads to overtime and wage claims as Plaintiffs' actual work week was over 40 hours and they were not paid overtime wages.

(d)    Misclassification and Failure to pay prevailing wages (Overtime /FLSA): Plaintiffs, including Opt-In Consenters, performed labor as Carpenters on a Prevailing Wage project called the VIDRIO construction it required the payment of Prevailing Wages by operation of contract and State Law. On those projects, Defendants failed to pay the Prevailing Wages, for the type or classification of labor Plaintiffs, including Opt-In Consenters, discharged,

3

as determined and disseminated by the State of California's Department of Industrial Relations. This was done by either paying workers the wrong classification to take advantage of a lower pay scale or by failing to pay any recognizable prevailing wage and falsifying Certified Pay records. This leads to FLSA overtime exposure as Plaintiffs' actual work week of compensable labor was over 40 hours.

(e)    Foreclose on STOP NOTICES (Pendant State Claim): Plaintiffs, including Opt-In Consenters, who timely file STOP NOTICES on the VIDRIO, bring claims to foreclose on said Stop Notices pursuant to California law under a pendant State Claim made

(f)    PAGA (Pendant State Claim): Plaintiff JESUS SOTO brings a claim under the Private Attorneys General Act "PAGA" codified at Labor Code sections 2698, et seq.

## II.    SUBJECT MATTER JURISDICTION AND VENUE

5.    This Court is a proper venue, since events giving rise to this lawsuit have occurred in this district.

6.    Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. and the pendant jurisdiction of this Court.

## III.    PARTIES

7.    Plaintiffs MARTIN MARTINEZ; JESUS SOTO; RENE CASTRO; GABRIEL PEREZ; FERNANDO CARRASCO; RAFAEL A. LOPEZ MOLINA AND Opt-In Consenter Plaintiffs were and at all relevant times herein are individuals over the age of eighteen employed by Defendants, one or all, during the statute of limitations in this action.

8.    Opt-in Consenters are workers who are making similar claims and who have filed Opt-In consent forms to join as Plaintiffs in this action pursuant to the special procedures for representative actions under the Fair Labor Standards Act, 29 U.S.C. §§201 et. seq.  Said Opt-In Forms shall be filed with the Court and Plaintiffs reserve the right to file a Motion to Send said workers Notice of their right to Opt-in to this action.

4

COMPLAINT (FLSA; PENDANT STATE CLAIMS)

1    9.    Plaintiffs are informed and believe and therefore allege, that at all times mentioned

2    herein Defendants HERMAN M. ROMAGUERA; CARMEN HALL SORUCO; JOSE MURO

3    dba CORREA HAULING; and VOLCANO CONSTRUCTION, INC. are engaged in the

4    business of on site-construction, maintenance and repair in Northern California with

5    particularity in San Mateo, San Francisco and Alameda counties.

6    10.   Defendant CARMEN HALL SORUCO is the Responsible Managing Officer ("RMO"),

7    and license holder, of VOLCANO CONSTRUCTION, INC. for licensing purposes with the

8    State of California Contractors State Licensing Board ("CSLB").

9    11.   Defendants HERMAN M. ROMAGUERA; CARMEN HALL SORUCO are all

10   corporate officers of VOLCANO CONSTRUCTION, INC..

11   12.   Defendant JOSE MURO dba CORREA HAULING based on information and belief is a

12   sole proprietorship which operates as an unlicensed contractor and performed certain work for

13   the other JOINT EMPLOYER DEFENDANTS under a civil conspiracy to have JOSE MURO

14   dba CORREA HAULING supply workers on certain construction projects run by JOINT

15   EMPLOYER DEFENDANTS.   JOSE MURO dba CORREA HAULING was the direct

16   employer of Plaintiff FERNANDO CARRASCO, and certain Opt-in Consenters.  Claims are

17   made against JOSE MURO dba CORREA HAULING and other JOINT EMPLOYER

18   DEFENDANTS for work done under the direct control of said Defendants and as against JOSE

19   MURO dba CORREA HAULING only for work done only on behalf of JOSE MURO dba

20   CORREA HAULING.

21   13.   Plaintiffs are informed and believe and thereupon alleged that JOINT EMPLOYER

22   DEFENDANTS were hired to perform Framing and Related work on a Public Works project

23   ("PROJECT") funded in whole or in part by the public funds which contains a Prevailing Wage

24   obligation by both contract and operation of law.   The project is called the CITY OF

25   PITSBURD VIDRIO project or BLACK DIAMOND DEVELOPMENT.

5

COMPLAINT (FLSA; PENDANT STATE CLAIMS)

1    14. Defendant CITY OF PITTSBURG REDEVELOPMENT AGENCY is a municipal

2    corporation which is named to foreclose on various STOP NOTICES timely filed by

3    PLAINTIFFS and certain Opt-in Consenters.

4    15. Defendant JOHNSTONE MOYER, INC. is a corporation and the general contractor on

5    the VIDRIO Construction Project which is being named as a necessary party to the Stop Notice

6    Foreclosure Claim only.

7    16. Plaintiffs are informed and believe and based thereon allege that Defendants HERMAN

8    M. ROMAGUERA; CARMEN HALL SORUCO; JOSE MURO dba CORREA HAULING;

9    and VOLCANO CONSTRUCTION, INC., have jointly employed Plaintiffs, including Opt-In

10   Consenters, as construction workers on the VIDRIO PROJECT and in other repair, maintenance

11   and construction work. Plaintiffs are informed and believe and based thereon allege that

12   HERMAN M. ROMAGUERA; CARMEN HALL SORUCO; JOSE MURO dba CORREA

13   HAULING; and VOLCANO CONSTRUCTION, INC., are related and in common control of a

14   same group of people, that their employment with each other or corporate entities was not

15   independent and disassociated, but as result of arrangement between Defendants, some or all, in

16   which each was acting on behalf of or in the interest of the other in relation to the employment

17   of each Plaintiff, and opt-in consenter, and that at all times relevant herein stated, Plaintiffs,

18   including Opt-In Consenters, were under the control of all Defendants.

19   17. Plaintiffs are informed and believe and therefore allege that HERMAN M.

20   ROMAGUERA; CARMEN HALL SORUCO; JOSE MURO dba CORREA HAULING; and

21   VOLCANO CONSTRUCTION, INC., constitute an integrated, unified economic enterprise in

22   biding, contracting, managing labor relations with respect to various construction projects,

23   including the VIDRIO PROJECT for which Plaintiffs, including Opt-In Consenters, were not

24   properly paid minimum prevailing wage and/or overtime wages.

25

6

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

1    18. Plaintiffs hereinafter collectively refer to HERMAN M. ROMAGUERA; CARMEN

2    HALL SORUCO; JOSE MURO dba CORREA HAULING; and VOLCANO

3    CONSTRUCTION, INC., as JOINT EMPLOYER DEFENDATS.  Plaintiffs, including Opt-In

4    Consenters, seek joint and severable liability of JOINT EMPLOYER DEFENDANTS for the

5    wages owed Plaintiffs, including Opt-In Consenters.

6    19. Plaintiffs are informed and believe and therefore allege that certain Defendant

7    HERMAN M. ROMAGUERA; CARMEN HALL SORUCO and each of them, owned,

8    controlled and operated Defendants VOLCANO CONSTRUCTION, INC.  Plaintiffs are further

9    informed and believe and based thereon allege that VOLCANO CONSTRUCTION, INC. were

10   at various times operated in such that each was the alter-ego of the Defendants HERMAN M.

11   ROMAGUERA; CARMEN HALL SORUCO, that a unity of interest exists between them such

12   way that in equity any separateness of form should be disregarded to prevent fraud and injustice.

13   20. Plaintiffs are informed and believe and therefore allege that adherence to the separate

14   existence of VOLCANO CONSTRUCTION, INC. as entities distinct from each other, and

15   distinct from Defendant HERMAN M. ROMAGUERA; CARMEN HALL SORUCO, and each

16   of them, would permit an abuse of the corporate privilege and would sanction a fraud in that

17   said Defendants, and each of them, while acting as principle owners, shareholders, agents,

18   officers employees and/or servants of VOLCANO CONSTRUCTION, INC. knowingly

19   performed the following: (1) engaged in wage and hour fraud against employees of

20   VOLCANO CONSTRUCTION, INC., including Plaintiffs; (2) acted to conceal the fact that

21   Plaintiffs and/or their fellow employees were not paid prevailing wages by submitting falsified

22   payroll records to the awarding agencies; (3) underbid the subcontracts and/or contracts for the

23   VIDRIO PROJECT with knowledge that the bid was insufficient to pay Plaintiffs and/or other

24   fellow employees' prevailing wages; and (4) underbid the subcontracts and/or contracts for the

25   VIDRIO PROJECT in order to gain an unfair advantage over the competition in being awarded

7

COMPLAINT (FLSA; PENDANT STATE CLAIMS)

1   the subcontract and/or contract for the VIDRIO PROJECT. Said Defendants' acts or omissions

2   thereby subjected JOINT EMPLOYER DEFENDANTS to criminal and civil liability for its

3   failure to pay minimum prevailing wages, tax fraud, insurance fraud, and numerous other wage

4   and hour violations.

5   21. Plaintiffs are informed and believe and therefore allege that certain JOINT EMPLOYER

6   DEFENDANTS are jointly and severally liable under for the underpayment of prevailing wages

7   and resulting assessments under California Labor section 1722.1 which states:

8   　　　　　　　　For the purposes of this chapter, "contractor" and
                   "subcontractor" include a contractor, subcontractor, licensee,
9   　　　　　　　　officer, agent, or representative thereof, acting in that capacity,
                   when working on public works pursuant to this article and Article 2
10  　　　　　　　　(commencing with Section 1770).

11  ## IV.　　GENERAL ALLEGATIONS

12  22. JOINT EMPLOYER DEFENDANTS employed Plaintiffs, including Opt-In Consenters,

13  at all relevant times within the statute of on the VIDRIO PROJECT and on other construction,

14  service or maintenance repair work.

15  23. JOINT EMPLOYER DEFENDANTS compensated Plaintiffs, including Opt-In

16  Consenters, for their labor on the PREVAILING WAGE PROJECTS at a rate of pay below the

17  prevailing wage rate of pay for the classification of their labor. This was accomplished by

18  various schemes including but not limited to: (1) not paying preliminary and postliminary labor;

19  (2) reducing or shaving the number of hours worked on any PREVAILING WAGE

20  PROJECTS; and (3) paying the incorrect prevailing wage rate for the classification of work

21  discharged.

22  24. JOINT EMPLOYER DEFENDANTS did not compensate Plaintiffs, including Opt-In

23  Consenters, for their labor by making any fringe benefit contributions that could offset the

24  prevailing wage rate of pay for the classification of their labor.

25

**8**

1      25. JOINT EMPLOYER DEFENDANTS did not compensate Plaintiffs, including Opt-In

2    Consenters, for their labor during their entire employment by paying overtime wages when due

3    and owing.

4      26. JOINT EMPLOYER DEFENDANTS did not compensate Plaintiffs, including Opt-In

5    Consenters, for their labor by paying for all hours worked ("SHAVING OF HOURS").

6      27. JOINT EMPLOYER DEFENDANTS misclassified Plaintiffs, including Opt-In

7    Consenters, as Laborers, to pay them a lower pay scale, when they worked as Plumbers and

8    earned a higher pay scale for the discharge of their labor on Prevailing Wage projects.

9      28. On or about September 4, 2007, Plaintiffs GABRIEL PEREZ and RAFAEL A. LOPEZ

10    MOLINA filed a claim for overtime violations under California Law, Labor Code section 510,

11    for not being furnished meal periods, and related State Law penalties in an action entitled,

12    Perez, et al v. Volcano Construction, Inc., et al San Mateo Superior Court Case No. CIV

13    465814. No claims under the FLSA wee asserted and the Complaint expressly stated that FLSA

14    claims were not being advanced.

15      29. On or about January 16, 2008, Plaintiff RENE CASTRO filed a claim for overtime

16    violations under California Law, Labor Code section 510, for not being furnished meal periods,

17    and related State Law penalties in an action entitled, Castro, et al v. Volcano Construction, Inc.,

18    et al San Mateo Superior Court Case No. CIV 469290. No claims under the FLSA wee asserted

19    and the Complaint expressly stated that FLSA claims were not being advanced.

20      30. In the two San Mateo State Court Actions plead above, Plaintiffs PEREZ; LOPEZ

21    MOLINA; and CASTRO limited their claims to California Wage and Hour violations and did

22    not plead or assert claims for not being paid prevailing wages or receiving overtime wages for

23    Prevailing Wage work based on a higher Prevailing Wage Regular Rate of Pay.

24      31. The two San Mateo State Court Actions resulted in a partial settlement agreement after

25    a mediation before the Honorable Alex Saldamando (Ret.) in which Plaintiffs PEREZ; LOPEZ

9

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

1 | MOLINA; and CASTRO signed a settlement agreement attached as Exhibit A to this

2 | Complaint.

3 |     32.  Plaintiffs PEREZ; LOPEZ MOLINA; and CASTRO seek a judicial determination that

4 | said Settlement Agreement, if enforceable, is limited to non-prevailing wage claims and

5 | overtime claims which are not derivative from prevailing wage work.  Alternatively, Plaintiffs

6 | PEREZ; LOPEZ MOLINA; and CASTRO seek a judicial determination that the Settlement

7 | Agreement is not enforceable based on arguments that include, but are not limited to: (a) it was

8 | not signed by all parties to the agreement; (b) by its express terms the Agreement was limited to

9 | the subject matter of the San Mateo Complaints which did not assert prevailing Wage

10 | Violations; (c) the wage payments made were less than what was owed; (d) no FLSA

11 | Liquidated Damages were paid; and (e) even though this agreement was reached during

12 | adversarial proceedings the parties did not advance any Prevailing Wage and Prevailing Wage

13 | overtime claims.

14 |     33. Based on the failure to pay all wages, Plaintiffs filed various stop notices with

15 | Defendant CITY OF PITTSBURG REDEVELOPMENT AGENCY:

| WORKER | AMOUNT |
|---|---|
| JESUS SOTO | $17,920.00 |
| RENE CASTRO | $40,732.00 |
| GABRIEL PEREZ | $15,708.00 |
| FERNANDO CARRASCO | $43,520.00 |
| RAFAEL A. LOPEZ MOLINA | $37,468.00 |
| **TOTAL** | **$155,348.00** |

10

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

1    34. Based on the failure to pay Prevailing Wages including Overtime on Prevailing wages,

2    Plaintiffs filed various Stop Notices with Defendant CITY OF PITTSBURG

3    REDEVELOPMENT AGENCY as described above. Based on information and belief,

4    Defendant CITY OF PITTSBURG REDEVELOPMENT AGENCY retained construction funds

5    and are retaining said funds so that this litigation may determine what amounts are owed to

6    Defendants. As a result, Plaintiffs seek a declaration of rights as to these retained funds with

7    Defendant CITY OF PITTSBURG REDEVELOPMENT AGENCY. A true and Correct Copy

8    of these five Stop Notices with the cover letter are attached hereto as Exhibit B.

9    35. Plaintiff JESUS SOTO brings a claim pursuant to the Private Attorney General Act

10   ("PAGA") of 2004 codified at California Labor Code section 2699, et seq. against on behalf of

11   all employees in the State of California who are, or have been, employed by JOINT

12   EMPLOYER DEFENDANTS at any time in the four years preceding the filing of this action.

13   The PAGA claims involve the following claims:

14       a.       Labor Code section 1775: calling for a $50.00 penalty per day for every

15                worker paid less than the prevailing wage.

16       b.       Labor Code section 210: calling for a $100.00 initial and $200.00

17                assessment for the failure to pay wages;

18       c.       Labor Code sections 223 and 225.5: calling for a $100.00 initial and

19                $200.00 assessment for the failure to pay prevailing wages;

20       d.       Labor Code section 558(a): calling for an initial $50.00 and subsequent

21                $100.00 penalty for each pay period in which workers are not paid all

22                wages. This includes all unpaid wages owed to workers;

23       e.       Labor Code § 1197.1 (establishing a civil penalty of $100 for first

24                violation, and $250 for subsequent violations, for failure to pay minimum

25                wage).

11

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

f.          Labor Code § 226 – 226.6 (wage stub violations up to Civil penalty in the

amount of two hundred fifty dollars ($250) per employee per violation in

an initial citation and one thousand dollars ($1,000) per employee for each

violation in a subsequent citation, for which the employer fails to provide

the employee a wage deduction statement or fails to keep the records

required in subdivision (a) of Section 226)

36. Pursuant to PAGA, on February 12, 2008, JESUS SOTO through his legal representative

sent a Certified Letter to the California Labor and Workforce Development AGENCY "LWDA"

seeking that the LWDA either prosecute the PAGA claims or allow SOTO to assert those

claims. On or about March 10, 2008, the LWDA gave SOTO the right to sue on PAGA claims.

Said letters are attached hereto as Exhibit C and made part of this Complaint.

## V.   COUNTS

**COUNT ONE**
**FEDERAL CLAIM**
*Violation of the Fair Labor Standards Act*
*29 U.S.C. §§ 207, 216(b), and 255(a)*
*Failure to Pay Overtime Wages and Minimum Wages*

37.   Plaintiffs re-allege and incorporate the allegations of paragraphs 1-36 as if fully stated

herein.

38.   At all relevant times herein, Plaintiffs' employment was subject to the provisions of the

Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

39.   JOINT EMPLOYER DEFENDANTS are enterprises engaged in commerce or in the

production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related

Department of Labor regulations.

40.  JOINT EMPLOYER DEFENDANTS routinely required and/or suffered or permitted Plaintiffs, including Opt-In Consenters, to work more than 40 hours per week, sometimes without paying them any wages at all for such overtime work, and routinely without paying them any overtime premium for hours worked in excess of 40 hours per week.

41.  JOINT EMPLOYER DEFENDANTS routinely failed to pay Plaintiffs, including Opt-In Consenters, the prevailing wage for their labor on the PROJECTS which are Public Works Project, pursuant to California law, and require the payment of the Prevailing Wage which is a minimum wage of the State of California.

42.  In failing to pay Plaintiffs, including Opt-In Consenters, overtime wages at one-and-one-half times their regular rate of pay, including hours for which Plaintiffs, including Opt-In Consenters, received no compensation, and in failing to pay the minimum wage JOINT EMPLOYER DEFENDANTS willfully violated the FLSA.

43.  As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiffs, including Opt-In Consenters, incurred general damages in the form of lost overtime wages and lost minimum wages in an amount to be proved at trial.

44.  Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs, including Opt-In Consenters, their proper wages, and thus defendants are liable to Plaintiffs, including Opt-In Consenters, for liquidated damages in an amount equal to their lost wages over a three year statute of limitations pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

45.  Plaintiffs, including Opt-In Consenters, were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to the FLSA.

**COUNT TWO**
**PENDENT STATE CLAIM**
*Violation of California Labor Code §§ 510, 1771-1810, 1194, 1194.2 & 1197*

13

**COMPLAINT (FLSA; PENDENT STATE CLAIMS)**

*Failure to Properly Pay Minimum Wages and Overtime on Public Works and Private
Construction Projects*

46.   Plaintiffs re-allege and incorporate the allegations of paragraphs 1-45 as if fully stated herein.

47.   At all times mentioned herein, Plaintiffs, including Opt-In Consenters, were employed in execution of the PROJECTS which was and is subject to the prevailing wage laws of the State of California pursuant to Labor Code §§ 1771 & 1774, regarding work undertaken on public construction projects.  Pursuant to Labor Code §§ 1771 &1774, all employees, including Plaintiffs, including Opt-In Consenters,, hired in execution of PROJECTS, shall be paid for their work on the PROJECTS not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the public work is performed, and not less than the general prevailing rate of per diem wages for holiday and overtime work.  Said Prevailing Wage rates are disseminated by the State of California's Department of Industrial Relations and pursuant to California laws and Regulations all contractors in the execution of a public works construction project are mandated by law to pay these minimum wages.

48. At all times mentioned herein, JOINT EMPLOYER DEFENDANTS, and each of them, were subject to the prevailing wage laws of the State of California pursuant to Labor Code §§ 1771, 1774 and 1815, regarding work undertaken on public works construction projects. Pursuant to Labor Code §§1771, 1774 and 1815, JOINT EMPLOYER DEFENDANTS, and each of them, had a duty to pay their employees on such projects, including Plaintiffs who were employed in the execution of the contract of the PROJECTS, not less than one and one-half times their basic prevailing rate of pay for holiday and overtime work, as specified in annual and semi-annual bulletins published by the California Department of Industrial Relations.

49.   At all times mentioned herein, JOINT EMPLOYER DEFENDANTS, and each of them, were subject to the overtime wage laws of the State of California pursuant to Labor Code §510, regarding work undertaken on private construction projects. Pursuant to Labor Code §510,

14

1 | JOINT EMPLOYER DEFENDANTS, and each of them, had a duty to pay their employees,
2 | including Plaintiffs, who worked on such private constructions projects not less than the one and
3 | one-half times their contractually agreed upon regular rate of pay for non-public works
4 | construction projects for all hours worked in excess of 8 hours a day and 40 hours a week.

5 | 50. Plaintiffs are informed and believe and based thereon contend that for work performed
6 | on PROJECTS, they were paid less than the required minimum prevailing rate for non-holiday
7 | and non-overtime hours and less than the required minimum prevailing rate for holiday and
8 | overtime work as required by Labor Code §§1771, 1774 and 1815; and for non-public works
9 | construction projects they were paid less than one and one-half times their regular rate of pay, or
10 | not at all, for the hours worked in excess of 8 hours a day and 40 hours a week as required by
11 | California Labor Code § 510.

12 | 51. Plaintiffs, including Opt-In Consenters, therefore contend that for their work performed
13 | on PROJECTS, the said JOINT EMPLOYER DEFENDANTS, and each of them, violated
14 | Labor Code §§ 1771, 1774 and 1815, specifically by failing and refusing to comply with the
15 | statutory duty to pay Plaintiffs' or to ensure that Plaintiffs, including Opt-In Consenters, be
16 | paid, prevailing wages and prevailing wage for holiday and overtime work as required by the
17 | contracts and by statute. Plaintiffs, including Opt-In Consenters, also contend that for non-
18 | public works construction projects, the said JOINT EMPLOYER DEFENDANTS, and each of
19 | them, violated Labor Code §510, specifically by failing and refusing to comply with the
20 | statutory duty to pay Plaintiffs, including Opt-In Consenters, one and one-half times their
21 | regular rate of pay for hours worked in excess of 8 hours a day or 40 hours a week as required
22 | by statute.

23 | 52. Pursuant to Labor Code § 1194, for their work on PROJECTS, Plaintiffs, including Opt-
24 | In Consenters, seek as earned but were not paid minimum prevailing wages and required
25 | minimum prevailing wage for holiday and overtime work; and for their work on non-pubic

15

1  works construction projects, Plaintiffs, including Opt-In Consenters, seek as earned but unpaid

2  overtime compensation for hours worked in excess of 8 hours a day or 40 hours a week.

3  Plaintiffs, including Opt-In Consenters, are entitled to and therefore request an award of pre-

4  judgment interest on the unpaid wages set forth herein. Plaintiffs, including Opt-In Consenters,

5  also seek an assessment under Labor Code § 1194.2.

6  53. Plaintiffs, including Opt-In Consenters, have incurred, and will continue to incur,

7  attorneys' fees in the prosecution of this action and therefore demand such reasonable attorneys'

8  fees and costs as set by the court pursuant to California Labor Code § 1194.

## COUNT THREE
### PENDENT STATE CLAIM
### BREACH OF CONTRACT -THIRD PARTY BENEFICIARY

54. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-53 as if fully stated

herein.

55.  Plaintiffs are informed and believe and based thereon allege that when they worked on

various PROJECTS, there was a written CONTRACT in place, wherein workers on the

PROJECTS were to be paid the applicable Prevailing Rate.

56. Plaintiffs are informed and believe and based thereon allege that the CONTRACTS

required JOINT EMPLOYER DEFENDANTS, and each of them, to comply with all applicable

legal requirements for work undertaken on public works projects and ensure its subcontractors

to comply with all such laws, including payment of prevailing wages pursuant to Labor Code §§

1194 and 1770 et seq.

57. Except as excused by the wrongful conduct of Defendants, Plaintiffs, including Opt-In

Consenters, have performed all conditions required to be performed by Plaintiffs, including Opt-

In Consenters, under the CONTRACTS.

58. The CONTRACTS are valid, enforceable, and was entered into with mutuality of

contract, by an offer and acceptance, and for consideration.

16

1    59. Plaintiffs are informed and believe and based thereon allege that JOINT EMPLOYER

2    DEFENDANTS, and each of them, breached the CONTRACTS by failing to pay prevailing

3    wages as required by the CONTRACTS, and as required by California law, and by failing to

4    submit truthful and accurate Certified Payroll Records to the public bodies awarding the

5    CONTRACTS. Plaintiffs, including Opt-In Consenters, were damaged by the failure of JOINT

6    EMPLOYER DEFENDANTS, and each of them, to pay prevailing wages.

7    60. Plaintiffs have standing as intended third-party beneficiaries of the CONTRACTS to

8    assert said claims.

9    61. As a result of JOINT EMPLOYER DEFENDANTS' breach of the CONTRACTS, as

10   more fully set forth herein, Plaintiffs, including Opt-In Consenters, were damaged in an amount

11   to be proved at trial.

12   62. Plaintiffs seek as contractual damages earned but unpaid wages being the difference

13   between the amount paid and the prevailing wage rate as determined by the Director of

14   Industrial Relations.

15   63. Plaintiffs, including Opt-In Consenters, are entitled to and therefore request an award of

16   pre-judgment interest on the unpaid wages set forth herein.

17   64. Plaintiffs are informed and believe and based thereon allege that the CONTRACTS at

18   issue provided that should a dispute arise in connection with the CONTRCATS that attorneys

19   fees would be awarded to the prevailing party. Plaintiffs, including Opt-In Consenters, have

20   incurred, and will continue to incur attorney fees in the prosecution of this action and therefore

21   demand such reasonable attorneys' fees as set by the court.

22                              **COUNT FOUR**
                          **PENDENT STATE CLAIM**
23                     *California Labor Code § 226 & 1174*
                        *Wage Stubs and Record Keeping*
24

25

17

1    65. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-64 as if fully stated

2    herein.

3    66. At all times relevant hereto, JOINT EMPLOYER DEFENDANTS were subject to the

4    provisions of IWC Wage Order 16-2001, and Labor Code §§ 226 and 1174, which require

5    employer to keep written daily records of each of its employee's hours of work and meal breaks

6    and to maintain such records for at least three years; and to provide each employee with written

7    periodic wage payment setting forth, among other things, the dates of labor for which payment

8    of wages is made, the total hours of work for the pay period, the gross and net wages paid, all

9    deductions from those wages, and the name and address of the employer.

10    67. JOINT EMPLOYER DEFENDANTS knowingly and intentionally failed to provide

11    Plaintiffs, including Opt-In Consenters, with accurate, itemized wage statements in compliance

12    with Labor Code §226. Such failures in JOIN EMPLOYER DEFNDANTS' itemized wage

13    statements included, among other things, not accurately showing the number of all hours

14    worked, including overtime hours, in each pay period and/or incorrectly reporting gross wages

15    earned.

16    68. As a direct result of JOINT EMPLOYER DEFDANTS' failure, Plaintiffs, including

17    Opt-In Consenters, were injured and entitled to recover an amount to be proved at trial for

18    actual damages, including that measured by the unpaid wages, of not less than $100.00 for each

19    violation up to $4,000.00.

20    69. Plaintiff has incurred, and will continue to incur attorney fees in the prosecution of this

21    action.

22   

**COUNT FIVE**
**PENDENT STATE CLAIM**
*California Labor Code Section 203*
*Waiting Time Penalties*

23   

24    70. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-69 as if fully stated

25    herein.

18

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

71. At the time Plaintiffs' employment with Defendants was terminated, JOINT EMPLOYER DEFNDANTS owed Plaintiffs, including Opt-In Consenters, certain unpaid overtime wages as previously alleged, and such wages owed each Plaintiff were ascertainable at the time of termination.

72. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

73. As of this date, JOINT EMPLOYER DEFENDANTS have failed and refused, and continue to fail and refuse, to pay the amount due, thus making each such defendants liable to Plaintiffs, including Opt-In Consenters, for penalties equal to thirty (30) days wages.

**COUNT SIX**
**PENDENT STATE CLAIM**
*Violation of California Business & Professions Code §17200*
*Restitution for Unfair Business Practices*

74. Plaintiffs re-allege and   incorporate the   allegations of paragraphs 1-73 as if fully stated herein.

75. At all times relevant herein, Plaintiffs' employment with JOINT EMPLOYER DEFNDANTS was subject to FLSA, California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid certain minimum prevailing wages, overtime for work performed in excess of 40 hours per week or 8 hours per day unless specifically exempted by the law, and also required Plaintiffs, including Opt-In Consenters, to be paid premium pay for missed rest periods.

76. At all times relevant herein, the employer of Plaintiffs, JOINT EMPLOYER DEFANDANTS were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiffs, including Opt-In Consenters, certain minimum prevailing wages, overtime pay as required by applicable state and

19

1    federal laws and failed to pay premium pay for missed meal/rest periods, to all of which

2    Plaintiffs, including Opt-In Consenters, were legally entitled, with JOINT EMPLOYER

3    DEFNDANTS keeping to themselves the amount which should have been paid to Plaintiffs,

4    including Opt-In Consenters.

5    77. In doing so, JOINT EMPLOYER DEFENDANTS violated California Unfair Trade

6    Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by

7    applicable California Labor Code provisions, IWC Wage Orders, and the FLSA, and thus giving

8    them a competitive advantage over other employers and businesses with whom JOINT

9    EMPLOYER DEFENDANTS were in competition and who were in compliance with the law.

10    78. As a direct and proximate result of JOINT EMPLOYER DEFENDANTS' violations

11    and failure to pay the required minimum prevailing wages and overtime pay, the Plaintiffs'

12    rights under the law were violated and the Plaintiffs, including Opt-In Consenters, incurred

13    general damages in the form of unpaid wages in amount to be proved at trial.

14    79. JOINT EMPLOYER DEFENDANTS had been aware of the existence and requirements

15    of the Unfair Trade Practices Act and the requirements of state and federal wage and hour laws,

16    but willfully, knowingly, and intentionally failed to pay Plaintiffs, including Opt-In Consenters,

17    minimum prevailing wages and overtime pay due.

18    80. Plaintiffs, having been illegally deprived of the minimum prevailing wages and

19    overtime pay to which they were legally entitled, herein seek restitution of such unpaid wages

20    pursuant to the Business and Professions Code §17203.

21    81. Plaintiffs bring this count on their own behalf only, and as a claim for restitution, over a

22    four year statute of limitations.

**COUNT SEVEN**
**PENDENT STATE CLAIM**
**ENFORCEMENT OF STOP NOTICES**
On Behalf of all Plaintiffs
(As Against Defendants CITY OF PITTSBURG REDEVELOPMENT AGENCY and
JOHNSTONE MOYER, INC.)

20

COMPLAINT (FLSA; PENDANT STATE CLAIMS)

1       82. Plaintiffs incorporate by reference as though fully set forth herein each of the allegations

2   of Paragraphs 1 through 71.

3       83. Plaintiffs are informed and believe and based thereon allege that Defendant CITY OF

4   PITTSBURG REDEVELOPMENT AGENCY is, and at all relevant times herein was, the

5   awarding agency for one or more of the PROJECTS plead above.

6       84. Defendant CITY OF PITTSBURG REDEVELOPMENT AGENCY is sued because it

7   has retained funds on the VIDRIO PROJECT in which Plaintiffs filed Stop Notices.

8       85. Wages for the labor performed by the Plaintiffs on the VIDRIO PROJECT are due and

9   owing to Plaintiffs.

10      86. Plaintiffs filed verified Stop Notices with Defendant CITY OF PITTSBURG

11  REDEVELOPMENT AGENCY pursuant to Civil Code §§ 3103 and 3181 through 3184.

12      87. In filing Stop Notices, Plaintiffs demanded the awarding body defendants withhold

13  sufficient funds to answer the Plaintiffs' claims contained therein. The Stop Notice claimants

14  and amounts have been plead above. Copies of said Stop Notices are attached hereto as Exhibit

15  B and incorporated into this Complaint. Plaintiffs requested Defendant CITY OF PITTSBURG

16  REDEVELOPMENT AGENCY withhold additional funds in accordance with California law

17  for the cost of anticipated litigation of the action. Plaintiffs requested Defendant CITY OF

18  PITTSBURG REDEVELOPMENT AGENCY withhold 125% of the Stop Notice amount.

19      88. Plaintiffs are informed and believe and based thereon allege that when the Public Works

20  Administrator of Defendant CITY OF PITTSBURG REDEVELOPMENT AGENCY received

21  the Stop Notices as previously set forth, Defendant CITY OF PITTSBURG

22  REDEVELOPMENT AGENCY had in their respective possession funds due or to become due

23  to DEFENDANT  JOHNSTONE MOYER, INC..  Plaintiffs seek relief whereby the Public

24  Works Administrator of Defendant CITY OF PITTSBURG REDEVELOPMENT AGENCY be

25  ordered to release these funds to Plaintiffs.

21

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

1    89. Plaintiffs bring suit to foreclose on the Stop Notices found at Exhibit B. Civil Code

2  section 3210 states:

3                An action against the original contractor and the public
                entity to enforce payment of the claim stated in the stop notice may
4                be commenced at any time after 10 days from the date of the service
                of the stop notice upon the public entity and shall be commenced not
5                later than 90 days following the expiration of the period within
                which stop notices must be filed as provided in Section 3184. No
6                such action shall be brought to trial or judgment entered until the
                expiration of said 90-day period. No money or bond shall be withheld
7                by reason of any such notice longer than the expiration of such
                90-day period unless proceedings be commenced in a proper court
8                within that time by the claimant to enforce his claim, and if such
                proceedings have not been commenced such notice shall cease to be
9                effective and the moneys or bonds withheld shall be paid or delivered
10               to the contractor or other person to whom they are due.

11    90. DEFENDANT JOHNSTONE MOYER, INC. is named to this cause of action pursuant

12  to Civil Code section 3210 above.

13    91. Plaintiffs have incurred, and will continue to incur, attorneys' fees and costs in the

14  prosecution of this action and therefore demand such reasonable attorneys' fees and costs as set

15  by the court.

16                              **COUNT EIGHT**
                            **PENDENT STATE CLAIM**
17                                  **PAGA**
                            On Behalf of all Plaintiffs
18                  (As Against JOINT EMPLOYER DEFENDANTS)

19    92. Plaintiff incorporates by reference as though fully set forth herein each of the allegations

20  of Paragraphs 1 through 106.

21    93. Plaintiff, and similarly situated workers, are aggrieved employees as defined in

22  California Labor Code § 2699 and bring this cause on behalf of themselves and other current or

23  former workers affected by the labor law violations alleged in this complaint.

24

25

**COMPLAINT (FLSA; PENDENT STATE CLAIMS)**

94. JOINT EMPLOYER DEFENDANTS violated the following laws which may be asserted as predicate acts under California Labor Code § 2699 on behalf of Plaintiffs and other workers during the statute of limitations applicable to each violation and penalty:

(a)    Labor Code §§ 204 and 210 by failing to pay all wages when due, to Plaintiffs, and similarly situated workers, in compliance with this provision.

(b)    Labor Code § 223 by paying a rate of pay below the prevailing wage rate and are subject to a penalty of $100 per violation found at Labor Code § 225.5

(c)    Labor Code § 510 and 1194 by failing to pay all overtime wages and the minimum wage which is California's prevailing wage on public works construction projects.

(d)    Labor Code § 558(a) by failing to pay for all hours worked at the correct hourly rate of pay which is California's prevailing wage on public works construction projects.

(e)    Labor Code § 226 by failing to pay with wage stubs that listed all hours and the correct rate of pay.

(f)    Labor Code §§ 1771-1775 by failing to pay the prevailing wage when due.

(g)    Labor Code § 1197.1 by failing to pay the prevailing wage, a minimum wage violation, when due.

95. Pursuant to Labor Code § 2699 Plaintiff, and similarly situated workers seek to recover civil penalties, as otherwise provided by statute, which JOINT EMPLOYER DEFENDANTS are liable as a result of their violations of the above Labor Code sections in an amount to be proven at trial.

96. Pursuant to Labor Code § 2699(a) prior to the filing of this complaint, Plaintiff gave written notice by certified mail to the JOINT EMPLOYER DEFENDANTS and the Labor and Work Force Development Agency of the factual and legal basis for the labor law violations alleged in this complaint.

23

1    97. The Labor and Work Force Development Agency has failed to investigate and/or failed

2    to issue a citation and begin an investigation therefore jurisdiction to bring a claim has reverted

3    to Plaintiff and Plaintiff's counsel.

4

5                                    **PRAYER FOR RELIEF**

6    WHEREFORE, Plaintiffs pray for the following relief:

7        1. For compensatory damages per for all wages earned but not paid, all overtime wages

8    earned and not paid and the failure to pay Prevailing Wages and applicable fringe benefits

9    which are an item of prevailing wages in the amount to be proved at trial;

10       2. For liquidated damages per the FLSA equal to unpaid overtime and minimum wages;

11       3. For unpaid premium pay for rest periods which were not authorized or permitted;

12       4. For restitution of unpaid minimum prevailing wage, overtime pay and meal/rest period

13   premium pay;

14       5. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid

15   minimum wage under California Labor Code §§ 1194(a);

16       6. For "waiting-time" penalties under California Labor Code §203.

17       7. For "liquidated damages" under California Labor Code §1194.2 for the failure to pay

18   minimum wages;

19       8. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C.

20   §216(b) of the FLSA;

21       9. For costs of suit herein;

22       10.      For actual damages or a statutory penalty for non-compliant wage stubs;

23       11.      To Foreclose on the Stop Notices attached hereto as Exhibit B;

24       12.      All Penalties, assessments, and amounts due and owing to workers, including

25   Plaintiffs and Opt-in Conserters under the PAGA

                                        24

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

13.     All Penalties and Assessments owed to the State of California under the PAGA to be split 75% with the various State of California Agencies and 25% with the workers in question; and

14.     For such other and further relief as the Court may deem appropriate.

Dated: March 28, 2008

                              Respectfully submitted,


                              By: _____
                                     TOMAS E. MARGAIN
                                     Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs herein demand trial by jury in this action.

Dated: March 28, 2008

                              Respectfully submitted,


                              By: _____
                                     TOMAS E. MARGAIN
                                     Attorneys for Plaintiffs

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there are no such interested entities or persons to report.

Dated: March 28, 2008

                              Respectfully submitted,


                              By: _____
                                     TOMAS E. MARGAIN
                                     Attorneys for Plaintiffs

**COMPLAINT (FLSA; PENDANT STATE CLAIMS)**

Hon. Alex Saldamando
Judge of the Superior Court (Retired)
ADR Services, Inc.
50 Fremont Street, Suite 2110
San Francisco, CA 94105

RENE CASTRO and JOAQUIN GARCIA
                    Plaintiffs

Vs                              San Mateo Superior Court Case No CIV 469296

VOLCANO CONSTRUCTION INC.

            AND

GABRIEL PEREZ, JOSE LUIS GARCIA,
and RAFAEL ALBERTO LOPEZ MOLINA
                    Plaintiffs,

vs.                             San Mateo Superior Court Case No. CIV 465814

VOLCANO CONSTRUCTION INC.
                    Defendant.


## STIPULATED SETTLEMENT AGREEMENT  ADRS Case No 07-6101


   The two above-named cases having come on this date for mediation, it is hereby
stipulated that this matter is deemed settled pursuant to the following terms and
conditions:

   1. The parties stipulate that the settlement does not constitute an admission of
   liability.

1



2a.  Defendant **Volcano Construction Inc**. shall pay to Plaintiffs **Gabriel Perez. Rafael Alberto Lopez Molina, Rene Castro, and Joaquin Garcia** a total sum of $225,000 as payment in full for  Plaintiffs' claims arising out of San Mateo County Superior Court Case Nos CIV 469296 and CIV 465814, respectively.  Said payment shall be allocated as follows:

$29,700 for total wage claims of said four Plaintiffs;

$195,300 for statutory penalties, attorney fees, costs, and interest.

3.  Payment shall be made under the following terms and conditions:

See Attached Exhibit A attached hereto and fully incorporated into this settlement agreement.

4.  Each Plaintiff agrees to accept said sum with the knowledge and understanding that Plaintiff's will be barred from proceeding in any future actions against Defendant concerning the issues arising out of this matter.

5.  Further conditions of the settlement are as follows:

a. Each Plaintiff shall execute a dismissal with prejudice to be filed at such time as final payment is made unless this settlement agreement states otherwise;

b.  If the action is be to dismissed with prejudice before performance of this settlement agreement is completed, the parties hereby agree to present a stipulated order jointly requesting the trial court to retain jurisdiction to enforce the settlement agreement pursuant to Code of Civil Procedure Section 664.6.  Upon entry of such order by the court, the action shall be dismissed with prejudice;

c.  The parties will execute full and complete mutual releases prepared by Defendant's counsel. The releases shall include an express waiver of Civil Code Section 1542 thereby releasing all parties from known and unknown claims arising out of this

2

matter.    California Civil Code Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to
> exist in his or her favor at the time of executing the release, which if known by him or her
> must have materially affected his or her settlement with the debtor.

Plaintiffs' counsel shall not release the settlement funds until each Plaintiff has executed
said releases;

Each party shall bear his/its respective costs of suit and attorney fees.

d, X    This settlement is a result of a voluntary mediation before the Hon. Alex
Saldamando (Ret.)  The parties agree that this settlement is a good faith
settlement, based on a calculated approximation of a plaintiff's total claim,
possible recovery, potential proportionate liability, amounts paid in settlement,
a recognition that settling defendants should pay less than if found liable at trial,
and the absence of any collusion, fraud or tortious conduct causing any non-
settling party to pay more than his/her/its fair share.

### Confidentiality and Non-disparagement clauses

Terms and settlement sum of this agreement shall be confidential, and shall not be
disclosed unless required by law, except that this agreement may be disclosed and
admitted into evidence in any legal proceeding brought to enforce this settlement or as an
affirmative defense to an action filed in violation of this settlement and the parties
specifically agree to waive mediation confidentiality in accordance with Evidence Code
Sections 1123 and 1124 for this limited purpose.

Notwithstanding the foregoing, disclosure may be made to the following:

(a) The spouse of a party;

(b) Legal counsel retained by a party;

( c) A certified public accountant, financial advisor, financial consultant, or financial
auditor retained by a party.

The parties agree to respond to all inquiries about the action in the following manner:
"The matter settled on terms acceptable to all parties."

3

The parties agree not to disparage or defame each other in any manner concerning the instant action, the underlying dispute or the events and transactions pertaining thereto.

The foregoing confidentiality provision and/or non-disparagement clauses constitute material terms of the settlement. The non-breaching party shall also be entitled to recover reasonable attorney fees and costs incurred in enforcing said clause(s).

## Non-assignment clause

Each party or party representative personally warrants and represents that he/she/it is authorized to enter into this agreement and further warrants and represents that there has been no assignment of any claims covered by this agreement.

## Modification

This agreement or any of its provisions may be modified or amended only by the written agreement or all the parties to this agreement.

## Knowledge, capacity and authority

Each party or party representative represents and warrants that he/it had the opportunity to have counsel explain the contents of this agreement and that he/she/it understands the contents of this agreement and he/it executed it knowingly and voluntarily and understands that by executing it he/it cannot proceed on account of the matters referred to herein. Each party to this agreement represents and warrants that he/it has authority and capacity to execute this agreement.

## Taxes

The parties make no warranties or representations to each other regarding the taxability of any monies paid under this agreement.

## Future disputes

Any dispute involving or arising from this stipulated settlement shall be arbitrated by ADR Service, Inc. pursuant to the arbitration rules of ADR Services, Inc.

4

_and 469296_

_and Exhibit "A"_

**Execution of agreement**

    This stipulated settlement agreement in San Mateo County Superior Court Case No*s*.
CIV 465814 which consists of Pages 1 through and including Page **6** may be
executed in one or more counterparts, each of which shall be deemed an original, and will
become effective and binding upon the Parties at such time as all signatories hereto have
signed a counterpart of this agreement. All counterparts so executed shall constitute one
Stipulated Settlement Agreement which is binding on all the parties hereto,
notwithstanding that all Parties are not signatory to the same counterpart.

| | |
|---|---|
| _____ | _Gabriel perez_ 1-29-08 |
| **Parviz Darabi**, Esq. Attorney for | Plaintiff **Gabriel Perez** Date |
| | And |
| | _____ |
| | Plaintiff **Rafael Alberto Lopez Molina**    Date |
| | And |
| | _RENE  CASTRO_    1-29-08 |
| | Plaintiff **Rene Castro**    Date |
| | And |
| | _____ |
| | Plaintiff **Joaquin Garcia**    Date |

_____
**Jon P. Tonsing**, Esq. Attorney for

Defendant **Volcano Construction Inc**

By: X _____    1/29/08
    Authorized Party Representative    Date

_____
**Alex Saldamando**, Mediator
Judge of the Superior Court (Ret.)

_____
    Date

    The above settlement agreed was translated by the undersigned into Spanish and read
to each Plaintiff who has indicated he has understood and agreed to be bound by its terms.

5

_____    1-29-08
_Jose Cruz_    Date

_____
                          **Date**

Exhibit 'A'

1) The following amounts will be
characterized as wages, and will be
subject to withholding:

    a. Gabriel Perez: $5,500 —

    b. Rafael Alberto Lopez Molino: $10,000

    c. Rene Castro: $9,200

    d. Joaquin Garcia: $5,000

All remaining sums will be characterized
as penalties, interest, and attorney fees.

2) Counsel for plaintiffs will furnish a form
W-9.

3) Checks shall be made payable as follows:
Attorney Trust Account of Parviz Darabi.

Wage payments under provision 1 above will be made directly to plaintiffs.

4) The total sum of $225,000 shall be payable as
follows:

    a) $50,000 on or before 4/29/08.

    b) Thereafter, the remaining balance
    will be paid on the 1st of
    each month, starting on 6/1/08,
    at the rate of $5,000 per month (combined for all the four plaintiffs)
    until repaid.

    c) No interest will accrue

    d) In the event of default, judgment
    may be entered

2 of 2

less whatever amounts have been
paid.
    5) Except as noted, each party is
to bear their own fees and costs.
    6) Plaintiffs will report to the trial
court in both actions that a conditional
settlement has been reached, and ask the
trial court in action CIV 465814 to vacate
the pending trial and settlement conference
dates.

# Law Offices of Tomas E. Margain

1550 Bryant Street, Suite 725
San Francisco, CA 94103
Telephone: 415-861-9600
Fax: 415-861-9622

Via Certified Mail

February 11, 2008

Randy Starbuck
Redevelopment Agency of the City of Pittsburg
65 Civic Avenue
Pittsburg, CA 94565

Re:    *VIDRO PROJECT*
       *BLACK DIAMOND DEVELOPMENT CITY OF PITTSBURG*

Dear Mr. Starbuck:

Pursuant to Civil Code section 3103 please withhold monies in accordance with the four
enclosed Stop Notices of workers Gabriel Perez, Rene Castro, Rafael Molina, and
Fernando Carrasco who performed labor as Carpenters on the above project. I am also
enclosing a return stamped envelope pursuant to the notice of election.

Please retain 125% of said monies until a formal release is filed by the claimants. See
Diamond Match Co. v. Silberstein (1913) 165 Cal 282 (Public Entities duty to withhold
funds in response to Stop Notice applies to funds due at time of Stop Notice and funds
becoming due after Stop Notice is filed).

These matters are currently under investigation and I am also contacting the general
contractor at issue. My Office will keep you informed of the status of this claim.

If you have any questions, comments or need any clarification, please do not hesitate to
contact me.

Sincerely,

Tomas E. Margain

Encls.

Cc: Clients

# STOP NOTICE
## LEGAL NOTICE TO WITHHOLD CONSTRUCTION FUNDS
(Public or Private Work)
(Per California Civil Code Section 3103)

To: R. STARBUCK - RDA PITTSBURG
(NAME OF OWNER, PUBLIC BODY OR CONSTRUCTION FUND HOLDER)

65 CIVIC AVE
(ADDRESS IF TO A BANK OR SAV/LOAN, USE ADDRESS OF BRANCH HOLDING FUNDS)

PITTSBURG, CA 94565
(CITY, STATE AND ZIP)

Project: VIDRO PROJECT CONTRA COSTA
(NAME)

BLACK DIAMOND DEVELOPMENT
(ADDRESS)

PITTSBURG, CA 94565
(CITY, STATE AND ZIP)

TAKE NOTICE THAT _____ RENE CASTRO
(NAME OF THE PERSON OR THE STOP NOTICE. LICENSED CONTRACTORS MUST USE THE NAME UNDER WHICH CONTRACTOR'S LICENSE IS ISSUED)

whose address is C/O LAW OFFICES OF TOMAS MARGAIN, 1570 BRYANT STE 725, SAN FRANCISCO, CA 94103
(ADDRESS OF PERSON OR FIRM CLAIMING STOP NOTICE)

has performed labor and furnished materials for a work of improvement described as follows: _____
CARPENTER FRAMING
(NAME AND LOCATION OF PROJECT WHERE WORK OR MATERIALS WERE FURNISHED)

The labor and materials furnished by claimant are of the following general kind: _____
CARPENTER FRAMING
(KIND OF LABOR, SERVICES, EQUIPMENT, OR MATERIALS FURNISHED OR AGREED TO BE FURNISHED BY CLAIMANT)

The labor and materials were furnished to or for the following party: _____
VOLCANO CONSTRUCTION INC.
(NAME OF THE PARTY WHO ORDERED THE WORK OR MATERIALS)

Total value of the whole amount of labor and materials agreed to be furnished is: $ 40,732.00

The value of the labor and materials furnished to date is: . . . . . . . . . . . . . . . . $ 40,732.00

Claimant has been paid the sum of: . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0

And there is due, owing and unpaid the sum of: . . . . . . . . . . . . . . . . . . . . . . $ 40,732.00

You are required to set aside sufficient funds to satisfy this claim with interest, court costs and reasonable costs of litigation, as provided by law. You are also notified that claimant claims an equitable lien against any construction funds for this project which are in your hands.

FIRM NAME: RENE CASTRO                    By: _____

## VERIFICATION

I, the undersigned, say: I am the CARPENTER / LABORER the claimant
("PRESIDENT OF," "MANAGER OF," "A PARTNER OF," "OWNER OF," "AGENT OF," ETC.)
named in the foregoing Stop Notice; I have read said Stop Notice and know the contents thereof; the same is true of my own knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 2 19 2008, at SAN FRANCISCO CA
(DATE THIS DOCUMENT WAS SIGNED)          (NAME OF CITY AND STATE WHERE THIS DOCUMENT WAS SIGNED)

(PERSONAL SIGNATURE OF THE INDIVIDUAL WHO IS SWEARING THAT THE CONTENTS OF STOP NOTICE ARE TRUE)

## REQUEST FOR NOTICE OF ELECTION
(Private Works Only)
(Per California Civil Code Section 3159, 3161, or 3162)

If an election is made not to withhold funds pursuant to this stop notice by reason of a payment bond having been recorded in accordance with Sections 3256 or 3162, **please send notice** of such election and a copy of the bond within 30 days of such election in the enclosed preaddressed stamped envelope. This information must be provided by you under Civil Code Sections 3159, 3161, or 3162.

Signed: _____
(Claimant must Enclose Self-Addressed Stamped Envelope)

BEFORE YOU USE THIS FORM, FILL IN ALL BLANKS, AND MAKE WHATEVER CHANGES ARE APPROPRIATE AND NECESSARY TO YOUR PARTICULAR TRANSACTION. CONSULT A LAWYER IF YOU DOUBT THE FORM'S FITNESS FOR YOUR PURPOSE AND USE. WWW.THECONTRACTORSGROUP.COM MAKES NO REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, WITH RESPECT TO THE MERCHANTABILITY OR FITNESS OF THIS FORM FOR AN INTENDED USE OR PURPOSE.          REV. 04-01

# STOP NOTICE

## LEGAL NOTICE TO WITHHOLD CONSTRUCTION FUNDS
### (Public or Private Work)
### (Per California Civil Code Section 3103)

To: R-STARBUCK- RDA PITTSBURG
(NAME OF OWNER, PUBLIC BODY OR CONSTRUCTION FUND HOLDER)

65 CIVIC AVE
(ADDRESS IF TO A BANK OR SAV/LOAN, USE ADDRESS OF BRANCH HOLDING FUNDS)

PITTSBURG, CA 94565
(CITY, STATE AND ZIP)

Project: VIDRO PROJECT CONTRA COSTA
(NAME)

BLACK DIAMOND DEVELOPMENT
(ADDRESS)

PITTSBURG, CA 94565
(CITY, STATE AND ZIP)

TAKE NOTICE THAT    GABRIEL PEREZ
(NAME OF THE PERSON OR FIRM CLAIMING THE STOP NOTICE. LICENSED CONTRACTORS MUST USE THE NAME UNDER WHICH CONTRACTOR'S LICENSE IS ISSUED)

whose address is C/O LAW OFFICES OF TOMAS MARGAIN 1550 BRYANT #725, SAN FRANCISCO
(ADDRESS OF PERSON OR FIRM CLAIMING STOP NOTICE)    CA 94103

has performed labor and furnished materials for a work of improvement described as follows:_____

CARPENTER — FRAMING
(NAME AND LOCATION OF PROJECT WHERE WORK OR MATERIALS WERE FURNISHED)

The labor and materials furnished by claimant are of the following general kind:_____

CARPENTER
(KIND OF LABOR, SERVICES, EQUIPMENT, OR MATERIALS FURNISHED OR AGREED TO BE FURNISHED BY CLAIMANT)

The labor and materials were furnished to or for the following party: _____

VOLCANO CONSTRUCTION
(NAME OF THE PARTY WHO ORDERED THE WORK OR MATERIALS)

Total value of the whole amount of labor and materials agreed to be furnished is: $    15,708.00

The value of the labor and materials furnished to date is: . . . . . . . . . . . . . . . . . $    15,708.00

Claimant has been paid the sum of: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $    0

And there is due, owing and unpaid the sum of: . . . . . . . . . . . . . . . . . . . . . . . . $    15,708.00

You are required to set aside sufficient funds to satisfy this claim with interest, court costs and reasonable costs of litigation, as provided by law. You are also notified that claimant claims an equitable lien against any construction funds for this project which are in your hands.

FIRM NAME: GABRIEL PEREZ    By: Gabriel perez

## VERIFICATION

I, the undersigned, say: I am the    CARPENTER /LABORER    the claimant
(PRESIDENT OF, "MANAGER OF," "A PARTNER OF," "OWNER OF," "AGENT OF," ETC.)
named in the foregoing Stop Notice; I have read said Stop Notice and know the contents thereof; the same is true of my own knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 2/9, 2008, at SAN FRANCISCO, CA.
(DATE THIS DOCUMENT WAS SIGNED)    (NAME OF CITY AND STATE WHERE THIS DOCUMENT WAS SIGNED)

Gabriel perez
(PERSONAL SIGNATURE OF THE INDIVIDUAL WHO IS SWEARING THAT THE CONTENTS OF STOP NOTICE ARE TRUE)

## REQUEST FOR NOTICE OF ELECTION
### (Private Works Only)
### (Per California Civil Code Section 3159, 3161, or 3162)

If an election is made not to withhold funds pursuant to this stop notice by reason of a payment bond having been recorded in accordance with Sections 3256 or 3162, **please send notice** of such election and a copy of the bond within 30 days of such election in the enclosed preaddressed stamped envelope. This information must be provided by you under Civil Code Sections 3159, 3161, or 3162.

Signed:_____
(Claimant must Enclose Self-Addressed Stamped Envelope)

BEFORE YOU USE THIS FORM, FILL IN ALL BLANKS, AND MAKE WHATEVER CHANGES ARE APPROPRIATE AND NECESSARY TO YOUR PARTICULAR TRANSACTION. CONSULT A LAWYER IF YOU DOUBT THE FORM'S FITNESS FOR YOUR PURPOSE AND USE. WWW.THECONTRACTORSGROUP.COM MAKES NO REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, WITH RESPECT TO THE MERCHANTABILITY OR FITNESS OF THIS FORM FOR AN INTENDED USE OR PURPOSE.    REV. 04-01

# STOP NOTICE
## LEGAL NOTICE TO WITHHOLD CONSTRUCTION FUNDS
### (Public or Private Work)
### (Per California Civil Code Section 3103)

To: R. STARBUCK - PITTSBURG RDA
(NAME OF OWNER, PUBLIC BODY OR CONSTRUCTION FUND HOLDER)

65 CIVIC AVE
(ADDRESS IF TO A BANK OR SAV/LOAN, USE ADDRESS OF BRANCH HOLDING FUNDS)

PITTSBURG, CA 94565
(CITY, STATE AND ZIP)

Project: VIDRO PROJECT CONTRA COSTA

BLACK DIAMOND DEVELOPMENT
(NAME)

PITTSBURG, CA 94565
(ADDRESS)
(CITY, STATE AND ZIP)

TAKE NOTICE THAT     FERNANDO CARRASCO
(NAME OF THE PERSON OR FIRM CLAIMING THE STOP NOTICE. LICENSED CONTRACTORS MUST USE THE NAME UNDER WHICH CONTRACTOR'S LICENSE IS ISSUED)

whose address is C/O LAW OFFICES OF TOMAS MARBAIN, 1550 BRYANT ST, SAN FRANCISCO
(ADDRESS OF PERSON OR FIRM CLAIMING STOP NOTICE)
CA 94103

has performed labor and furnished materials for a work of improvement described as follows:
CARPENTER ~ FRAMING
(NAME AND LOCATION OF PROJECT WHERE WORK OR MATERIALS WERE FURNISHED)

The labor and materials furnished by claimant are of the following general kind:
CARPENTER — FRAMING
(KIND OF LABOR, SERVICES, EQUIPMENT, OR MATERIALS FURNISHED OR AGREED TO BE FURNISHED BY CLAIMANT)

The labor and materials were furnished to or for the following party:
CORREA HAULING A SUB-CONTRACTOR OF VOLCANO CONSTRUCTION
(NAME OF THE PARTY WHO ORDERED THE WORK OR MATERIALS)
INC.

Total value of the whole amount of labor and materials agreed to be furnished is: $ 43,520.00

The value of the labor and materials furnished to date is: . . . . . . . . . . . . . . . . .$ 43,520.00

Claimant has been paid the sum of: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ Ø

And there is due, owing and unpaid the sum of: . . . . . . . . . . . . . . . . . . . . . . . .$ 43,520.00

You are required to set aside sufficient funds to satisfy this claim with interest, court costs and reasonable costs of litigation, as provided by law. You are also notified that claimant claims an equitable lien against any construction funds for this project which are in your hands.

FIRM NAME: FERNANDO CARRASCO     By: Fernando Carrasco

## VERIFICATION

I, the undersigned, say: I am the CARPENTER / LABORER the claimant
(PRESIDENT OF, MANAGER OF, A PARTNER OF, OWNER OF, AGENT OF, ETC.)
named in the foregoing Stop Notice; I have read said Stop Notice and know the contents thereof; the same is true of my own knowledge.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 2/9 2008, at SAN FRANCISCO, CA
(DATE THIS DOCUMENT WAS SIGNED)          (NAME OF CITY AND STATE WHERE THIS DOCUMENT WAS SIGNED)

Fernando Carrasco
(PERSONAL SIGNATURE OF THE INDIVIDUAL WHO IS SWEARING THAT THE CONTENTS OF STOP NOTICE ARE TRUE)

## REQUEST FOR NOTICE OF ELECTION
### (Private Works Only)
### (Per California Civil Code Section 3159, 3161, or 3162)

If an election is made not to withhold funds pursuant to this stop notice by reason of a payment bond having been recorded in accordance with Sections 3256 or 3162, **please send notice** of such election and a copy of the bond within 30 days of such election in the enclosed preaddressed stamped envelope. This information must be provided by you under Civil Code Sections 3159, 3161, or 3162.

Signed:
(Claimant must Enclose Self-Addressed Stamped Envelope)

BEFORE YOU USE THIS FORM, FILL IN ALL BLANKS, AND MAKE WHATEVER CHANGES ARE APPROPRIATE AND NECESSARY TO YOUR PARTICULAR TRANSACTION. CONSULT A LAWYER IF YOU DOUBT THE FORM'S FITNESS FOR YOUR PURPOSE AND USE.
WWW.THECONTRACTORSGROUP.COM MAKES NO REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, WITH RESPECT TO THE MERCHANTABILITY OR FITNESS OF THIS FORM FOR AN INTENDED USE OR PURPOSE.     REV. 04-01

# STOP NOTICE
## LEGAL NOTICE TO WITHHOLD CONSTRUCTION FUNDS
### (Public or Private Work)
### (Per California Civil Code Section 3103)

To: R. STARBUCK - RDA PITTSBURG
(NAME OF OWNER, PUBLIC BODY OR CONSTRUCTION FUND HOLDER)

Project: VIDRO PROJECT CONTRA COSTA
(NAME)

65 CIVIC AVE
(ADDRESS IF TO A BANK OR SAV/LOAN, USE ADDRESS OF BRANCH HOLDING FUNDS)

BLACK DIAMOND DEVELOPMENT
(ADDRESS)

PITTSBURG, CA 94565
(CITY, STATE AND ZIP)

PITTSBURG, CA 44565
(CITY, STATE AND ZIP)

TAKE NOTICE THAT RAFAEL ALBERTO LOPEZ MOLINA
(NAME OF THE PERSON OR FIRM CLAIMING THE STOP NOTICE. LICENSED CONTRACTORS MUST USE THE NAME UNDER WHICH CONTRACTOR'S LICENSE IS ISSUED)

whose address is C/O LAW OFFICES OF TOMAS MARGAIN, 1550 BRYANT Ste 725
(ADDRESS OF PERSON OR FIRM CLAIMING STOP NOTICE)
SAN FRANCISCO, CA 9410-

has performed labor and furnished materials for a work of improvement described as follows: _____
FRAMING AND DRYWALL
(NAME AND LOCATION OF PROJECT WHERE WORK OR MATERIALS WERE FURNISHED)

The labor and materials furnished by claimant are of the following general kind: _____
CARPENTRY FRAMING AND DRYWALL
(KIND OF LABOR, SERVICES, EQUIPMENT, OR MATERIALS FURNISHED OR AGREED TO BE FURNISHED BY CLAIMANT)

The labor and materials were furnished to or for the following party: _____
VOLCANO CONSTRUCTION INC.
(NAME OF THE PARTY WHO ORDERED THE WORK OR MATERIALS)

Total value of the whole amount of labor and materials agreed to be furnished is: $ 37,468.00

The value of the labor and materials furnished to date is: . . . . . . . . . . . . . . . . .$ 37,468.00

Claimant has been paid the sum of: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$

And there is due, owing and unpaid the sum of: . . . . . . . . . . . . . . . . . . . . . . . .$ 37,468.00

You are required to set aside sufficient funds to satisfy this claim with interest, court costs and reasonable costs of litigation, as provided by law. You are also notified that claimant claims an equitable lien against any construction funds for this project which are in your hands.

FIRM NAME: RAFAEL MOLINA        By: _____

## VERIFICATION

I, the undersigned, say: I am the CARPENTER / LABORER the claimant
(*PRESIDENT OF," "MANAGER OF," "A PARTNER OF," "OWNER OF," "AGENT OF," ETC.)
named in the foregoing Stop Notice; I have read said Stop Notice and know the contents thereof; the same is true of my own knowledge.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 2/9 2004, at SAN FRANCISCO CA
(DATE THIS DOCUMENT WAS SIGNED)        (NAME OF CITY AND STATE WHERE THIS DOCUMENT WAS SIGNED)

_____
(PERSONAL SIGNATURE OF THE INDIVIDUAL WHO IS SWEARING THAT THE CONTENTS OF STOP NOTICE ARE TRUE)

## REQUEST FOR NOTICE OF ELECTION
### (Private Works Only)
### (Per California Civil Code Section 3159, 3161, or 3162)

If an election is made not to withhold funds pursuant to this stop notice by reason of a payment bond having been recorded in accordance with Sections 3256 or 3162, **please send notice** of such election and a copy of the bond within 30 days of such election in the enclosed preaddressed stamped envelope. This information must be provided by you under Civil Code Sections 3159, 3161, or 3162.

Signed: _____
(Claimant must Enclose Self-Addressed Stamped Envelope.)

BEFORE YOU USE THIS FORM, FILL IN ALL BLANKS, AND MAKE WHATEVER CHANGES ARE APPROPRIATE AND NECESSARY TO YOUR PARTICULAR TRANSACTION. CONSULT A LAWYER IF YOU DOUBT THE FORM'S FITNESS FOR YOUR PURPOSE AND USE. WWW.THECONTRACTORSGROUP.COM MAKES NO REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, WITH RESPECT TO THE MERCHANTABILITY OR FITNESS OF THIS FORM FOR AN INTENDED USE OR PURPOSE.        REV. 04-01

*Law Offices of Tomas E. Margain*

1550 Bryant Street, Suite 725
San Francisco, CA 94103
Telephone: 415-861-9600
Fax: 415-861-9622

February 24, 2008

Randy Starbuck
Redevelopment Agency of the City of Pittsburg
65 Civic Avenue
Pittsburg, CA 94565

Re:    *VIDRO PROJECT*
       *BLACK DIAMOND DEVELOPMENT CITY OF PITTSBURG*

Dear Mr. Starbuck:

Pursuant to Civil Code section 3103 please withhold monies in accordance with the four enclosed Stop Notices of worker Jesus Soto who performed labor as a Carpenter on the above project.

Please retain 125% of said monies until a formal release is filed by the claimants. See Diamond Match Co. v. Silberstein (1913) 165 Cal 282 (Public Entities duty to withhold funds in response to Stop Notice applies to funds due at time of Stop Notice and funds becoming due after Stop Notice is filed).

These matters are currently under investigation and I am also contacting the general contractor at issue. My Office will keep you informed of the status of this claim.

If you have any questions, comments or need any clarification, please do not hesitate to contact me.

Sincerely,

Tomas E. Margain

Encl.

Mr. Starbuck
February 24, 2008

2

Cc: Client

MUHAMMAD NADHIRI
Senior Project Manager
Vidrio Project
A. F. Evans, Inc.
1000 Broadway, Suite 300,
Oakland, CA 94607


JOHNSTONE MOYER INC.
1720 SOUTH AMPHLETT BLVD, SUITE 250
SAN MATEO, CA 94402

Herman M Romaguera
Carmen Hall Soruco
Volcano Construction Inc
338 N Canal Street 11
South San Francisco, Ca 94080

# STOP NOTICE
## LEGAL NOTICE TO WITHHOLD CONSTRUCTION FUNDS
### (Public or Private Work)
### (Per California Civil Code Section 3103)

To: R. STARBUCK RDA PITTSBURG    Project: VIDRO PROJECT CONTRA COSTA
(NAME OF OWNER, PUBLIC BODY OR CONSTRUCTION FUND HOLDER)    (NAME)

65 CIVIC AVE    BLACK DIAMOND DEVELOPMENT
(ADDRESS IF TO A BANK OR SAV/LOAN, USE ADDRESS OF BRANCH HOLDING FUNDS)    (ADDRESS)

PITTSBURG, CA 94565    PITTSBURG, CA 94565
(CITY, STATE AND ZIP)    (CITY, STATE AND ZIP)

TAKE NOTICE THAT JESUS SOTO
(NAME OF THE PERSON OR FIRM CLAIMING THE STOP NOTICE. LICENSED CONTRACTORS MUST USE THE NAME UNDER WHICH CONTRACTOR'S LICENSE IS ISSUED)

whose address is C/O LAW OFFICES OF MARGADAN, 1550 BRYANT ST Ste 725
(ADDRESS OF PERSON OR FIRM CLAIMING STOP NOTICE) SAN FRANCISCO, CA 94103

has performed labor and furnished materials for a work of improvement described as follows:
CARPENTER → FRAMING
(NAME AND LOCATION OF PROJECT WHERE WORK OR MATERIALS WERE FURNISHED)

The labor and materials furnished by claimant are of the following general kind:
CARPENTER
(KIND OF LABOR, SERVICES, EQUIPMENT, OR MATERIALS FURNISHED OR AGREED TO BE FURNISHED BY CLAIMANT)

The labor and materials were furnished to or for the following party: VOLCANO CONSTRUCTION
(NAME OF THE PARTY WHO ORDERED THE WORK OR MATERIALS)

Total value of the whole amount of labor and materials agreed to be furnished is: $ 17,920.00

The value of the labor and materials furnished to date is: .................. $ 0

Claimant has been paid the sum of: .................................. $ 0

And there is due, owing and unpaid the sum of: ........................ $ 17,920.00

You are required to set aside sufficient funds to satisfy this claim with interest, court costs and reasonable costs of litigation, as provided by law. You are also notified that claimant claims an equitable lien against any construction funds for this project which are in your hands.

FIRM NAME: JESUS SOTO    By: Jesus Soto

## VERIFICATION

I, the undersigned, say: I am the LABORER    the claimant
("PRESIDENT OF," "MANAGER OF," "A PARTNER OF," "OWNER OF," "AGENT OF," ETC.)
named in the foregoing Stop Notice; I have read said Stop Notice and know the contents thereof; the same is true of my own knowledge.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 2/23 2009, at MENDOTA    CA
(DATE THIS DOCUMENT WAS SIGNED)    (NAME OF CITY AND STATE WHERE THIS DOCUMENT WAS SIGNED)

Jesus Soto.
(PERSONAL SIGNATURE OF THE INDIVIDUAL WHO IS SWEARING THAT THE CONTENTS OF STOP NOTICE ARE TRUE)

## REQUEST FOR NOTICE OF ELECTION
### (Private Works Only)
### (Per California Civil Code Section 3159, 3161, or 3162)
If an election is made not to withhold funds pursuant to this stop notice by reason of a payment bond having been recorded in accordance with Sections 3256 or 3162, **please send notice** of such election and a copy of the bond within 30 days of such election in the enclosed preaddressed stamped envelope. This information must be provided by you under Civil Code Sections 3159, 3161, or 3162.

Signed:
(Claimant must Enclose Self-Addressed Stamped Envelope)

BEFORE YOU USE THIS FORM, FILL IN ALL BLANKS, AND MAKE WHATEVER CHANGES ARE APPROPRIATE AND NECESSARY TO YOUR PARTICULAR TRANSACTION. CONSULT A LAWYER IF YOU DOUBT THE FORM'S FITNESS FOR YOUR PURPOSE AND USE. WWW.THECONTRACTORSGROUP.COM MAKES NO REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, WITH RESPECT TO THE MERCHANTABILITY OR FITNESS OF THIS FORM FOR AN INTENDED USE OR PURPOSE.    REV. 04-01

# *Law Offices of Tomas E. Margain*

1550 Bryant Street, Suite 725
San Francisco, CA 94103
Telephone: 415-861-9600
Fax: 415-861-9622

Via Certified Mail Return Receipt Requested

February 12, 2008

California Labor and Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

> Re:    Notice of Labor Law Violations
>         California Labor Code § 2699.3(a)(1)
>         Volcano Construction, Inc. CSLB Lic. No. 879394

Dear California Labor and Workforce Development:

I am writing pursuant to California Labor Code § 2699.3(a)(1).

This Office represents Jesus Soto a worker who was not paid the prevailing wage for his craft of work when he performed carpentry work on a prevailing wage construction project called the Vidrio Black Diamond Project in the City of Pittsburg by his former employer Volcano Construction, Inc.

I am writing you because I intend to assert claims under the Private Attorney General Act of 2004 ("PAGA") alleging the following:

A failure by his employer Volcano Construction, Inc. and its agents Herman M Romaguera and Carmen Hall Soruco to pay the requisite Prevailing Wage and to issue wage stubs in compliance with California law. This was accomplished by a variety of means including:

1.    Paying a Prevailing Wage for less hours than those worked ("Hour Shaving"); and
2.    Not paying any recognizable prevailing wage in wage stubs that also listed less hours than those worked.

California Labor and
Workforce Development

The above violates Labor Code §§ 1771-1775 and 1194.

The above leads to penalties and earned but unpaid wage claims under California's Labor Codes
which include, but are not limited to:

     a.     Labor Code section 1775: calling for a $50.00 penalty per day for every
worker paid less than the prevailing wage.

     b.     Labor Code section 210: calling for a $100.00 initial and $200.00
assessment for the failure to pay wages;

     c.     Labor Code sections 223 and 225.5: calling for a $100.00 initial and
$200.00 assessment for the failure to pay prevailing wages;

     d.     Labor Code section 558(a): calling for an initial $50.00 and subsequent
$100.00 penalty for each pay period in which workers are not paid all wages. This
includes all unpaid wages owed to workers;

     e.     Labor Code § 1197.1 (establishing a civil penalty of $100 for first
violation, and $250 for subsequent violations, for failure to pay minimum wage).

     f.     Labor Code § 226 – 226.6 (wage stub violations up to Civil penalty in the
amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and
one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which
the employer fails to provide the employee a wage deduction statement or fails to keep the
records required in subdivision (a) of Section 226)

The investigation and prosecution will also include claims under various statutory Payment
bonds, secured pursuant to the Civil Code, for the failure to pay wages. My investigation is
continuing as to the precise identity of the surety. I am copying the Contractor, General
Contractor and Developer of the project.

Please notify me within 33 calendar days of the postmark date of this letter if your Office or the
DIR intends to investigate or bring an action on these allegations.

Sincerely,

Tomas E. Margain

February 12, 2008

California Labor and
Workforce Development

Cc:

Herman M Romaguera
Carmen Hall Soruco
Volcano Construction Inc
338 N Canal Street 11
South San Francisco, Ca 94080

MUHAMMAD NADHIRI
Senior Project Manager
Vidrio Project
A. F. Evans, Inc.
1000 Broadway, Suite 300,
Oakland, CA 94607

JOHNSTONE MOYER INC.
1720 SOUTH AMPHLETT BLVD, SUITE 250
SAN MATEO, CA 94402



# Labor & Workforce Development Agency

Date March 10, 2008

Law Offices of Tomas E. Margain
1550 Bryant Street, Suite 725
San Francisco, CA 94103

Volcano Contrsuction                     Muhammad Nadhiri, Senior Project Manager
Herman M Romaguera                       Vidrio Project
Carmen Hall Soruco                       A. F. Evans, Inc.
338 N Canal Street 11                    1000 Broadway, Suite 300
South San Francisco, CA 94080            Oakland, CA 94607

Jonstone Moyer Inc.
1720 South Amphlett Boulevard, Suite 250
San Mateo, CA 94402

Re:     LWDA No: 3179
        Employer:   Volcano Construction, Inc.
        Employee:   Jesus Soto

Dear Employer and Representative of the Employee:

This is to inform you that the Labor and Workforce Development Agency (LWDA) received your notice of alleged Labor Code violations pursuant to Labor Code Section 2699, postmarked February 12, 2008 and after review, does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides that "...civil penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the LWDA for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code". Labor Code Section 2699(l) specifies "[T]he superior court shall review and approve any penalties sought as part of a proposed settlement agreement pursuant to this part".

Consequently you must advise us of the results of the litigation, and forward a copy of the court judgment or the court-approved settlement agreement.

Sincerely,

*Robert A. Jones*

Robert A. Jones
Deputy Secretary

**Agricultural Labor Relations Board**

**California Unemployment Insurance Appeals Board**

**California Workforce Investment Board**

**Department of Industrial Relations**

**Economic Strategy Panel**

**Employment Development Department**

**Employment Training Panel**

# E-filing CIVIL COVER SHEET EDL

JS 44 - No. CALIF. (Rev. 4/97)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MARTIN MARTINEZ; JESUS SOTO; RENE CASTRO; GABRIEL PEREZ; FERNANDO CARRASCO; RAFAEL A. LOPEZ MOLINA | Herman M. Romaguera; Carmen Hall Soruco; Jose Muro; Volcano Construction, Inc.; City of Pittsburg Redevelopment Agency; Johnstone Moyer, Inc. |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES)

San Mateo

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.   San Mateo

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
TOMAS E. MARGAIN, Bar No. 193555
1550 Bryant Street, Suite 725
San Francisco, CA  94103  Telephone:  415-861-9600

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "×" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "×" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

(For diversity cases only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "×" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transfered from Another District (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "×" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | ☐ 791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. 201, et seq.
Wage & Hour --overtime violation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 750,000.00

☒ CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE A "×" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND  ☐ SAN JOSE

DATE  3/28/08

SIGNATURE OF ATTORNEY OF RECORD